**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ARIANN J-HANNA,

    Plaintiff,

vs.

TUCSON DODGE INC., et al.,

    Defendants.

No. CIV 10-504-TUC-CKJ

**ORDER**

Discovery Deadline:    10/1/12
Dispositive Motion Deadline:    11/5/12

Pending before the Court is the Motion and Affidavit for Leave to File 2nd Amended Complaint (Doc. 96) filed by Plaintiff Ariann J-Hanna ("J-Hanna"). Responses have been filed by Enterprise Rent-A-Car Company of San Francisco, LLC ("Enterprise") and Tucson Dodge, Inc. ("Dodge"); J-Hanna has filed a reply. Also pending before the Court is the Amended Petition to Allow Plaintiff to Notify Court when Expert Witness has been Decided (Doc. 103). Enterprise has filed a response.

*LRCiv 15.1*

Enterprise asserts J-Hanna's request should be denied for failure to comply with LRCiv 15.1 which requires the attached proposed amended complaint to indicate "in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." J-Hanna's proposed Second Amended Complaint ("SAC") does not comply with the local rule.

In her reply, J-Hanna asserts that her Motion covers the explanation of changes;

1 however, J-Hanna makes no effort to comply with the Local Rule or state any reason why
2 compliance with the Local Rule should not be complied with. Denial of the Motion on this
3 basis is appropriate.

*Allegations Against Defendant Tucson Dodge, Inc.*

J-Hanna seeks to amend the claims against Dodge. The action having been stayed against Dodge pursuant to the Court's resolution of the Motion to Stay Case and Compel Arbitration, *see* Doc. 79, amendment of the claims against Dodge is not appropriate. The Motion will be denied as to Dodge.

*Motion for Leave to File 2nd Amended Complaint as to Enterprise*

Where a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff J-Hanna has previously amended her complaint. However, she asserts that granting the motion will not surprise or prejudice Defendants because they know the claims are based on fraud and because the frame and control arm damages were discovered within the one year statute of limitations. In making her request, J-Hanna asserts that she learned of the theft in July of 2008 and obtained proof of fraud in late 2009 and 2010. However, J-Hanna does not provide any reason why the proposed additional claims were not included

in the First Amended Complaint.[1] The Court finds there has been undue delay in seeking to include the amendments at this time. However, despite the delay, the Court finds there is no basis to conclude that J-Hanna has acted in bad faith.

"[G]enerally a party will not be deemed prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading." 61A Am. Jur. 2d Pleading § 724, *citations omitted*. The Court finds the proposed amendments as set forth in the SAC involves conduct related to the conduct stated in the First Amended Complaint. The Court finds Enterprise will not be prejudiced by the proposed SAC.

J-Hanna seeks to add a common law fraud claim and claims pursuant to Am.L.Prod.3d 25:5, A.R.S. § 44-1522, and 15 U.S.C. §§ 2301-2312 (Magnuson-Moss Warranty Act).[2] Initially, it is not clear what claim J-Hanna is attempting to state by reference to Am.L.Prod.3d 25:5 and the Court finds this proposed amendment would be futile.

J-Hanna also seeks to add a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (1998), which "creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty[.]" *Milecevic v. Fletcher Jones Imports*, 402 F.3d 912, 917 (9th Cir. 2005). The facts alleged by J-Hanna do not support a conclusion that Enterprise issued a warranty to J-Hanna. The Court finds this proposed amendment would be futile.

As to J-Hanna's allegations regarding a common law fraud claim and a claim pursuant to the Arizona Consumer Fraud Act, A.R.S. § 44-1522, the Court has previously determined that such claims may proceed. *See* Doc. 66. A complaint is to contain a "short and plain

---

[1] J-Hanna filed her Motion for Leave to File Amended Complaint on May 26, 2011; the Court granted the request on October 5, 2011.

[2] The Court accepts J-Hanna's separate reference to U.S.C. § 2308(a) as included within her Magnuson-Moss Warranty Act claim. Further, J-Hanna's references to A.R.S. § 12-542(3) and § 12-548 are to statutes of limitations rather substantive bases for claims.

- 3 -

1 statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 5(a)(2).
2 It is not necessary that every fact in support of a claim be pleaded in a complaint. Indeed,
3 the "[r]equirement that [a] pleading contain a short and plain statement of claim showing that
4 pleader is entitled to relief does not require detailed factual allegations[.]" 27 Fed. Proc.,
5 L.Ed. § 62:55, *citing* Fed.R.Civ.P. 8(a)(2) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed.
6 2d 868, 73 Fed. R. Serv. 3d 837 (2009). While the Court does not find this proposed
7 amendment to be futile, it does find that it is not necessary. Had the Court determined that
8 permitting the SAC was appropriate for other claims, including these amendments would
9 have been permitted. However, in light of the non-necessary nature of the amendments, the
10 failure to comply with the Local Rule, and the delay in seeking to make the amendments, the
11 Court finds it appropriate to deny the Motion as to Enterprise.

*Amended Petition to Allow Plaintiff to Notify Court when Expert Witness has been Decided*

The January 26, 2012, Scheduling Order states:

> Plaintiff's disclosure of **initial expert testimony** pursuant to Federal Rule 26(a)(2) shall take place on or before **May 1, 2012**. Defendant's disclosure of **expert testimony** pursuant to Federal Rule 26(a)(2) shall take place on or before **June 1, 2012**. Disclosure of **rebuttal expert testimony** shall be completed on or before **July 2, 2012, 2012**.

Doc. 85, pp. 1-2.

In her petition, J-Hanna sets forth her difficulties in finding an expert witness and states that she "is in the process of finding another person who would be able to be an expert witness, and has nothing definite to report to the court at this time. She expects to have someone located soon." Petitioner, p. 2. Enterprise objects to an extension because J-Hanna "has not set forth any facts establishing that she has made any effort to identify or select an expert witness to testify on her behalf, and absent such evidence the Court should not patently authorize Plaintiff to extend the deadline to obtain and disclose new expert witnesses to be used at trial." Response, p. 1.

The Court finds it appropriate to grant the request in part. The Court will extend the deadlines, but rather than a non-specific extension as apparently requested by J-Hanna, the

- 4 -

Court will grant approximately an additional month from the date of this Order. Additionally, pursuant to Enterprise's request, the Court will extend all deadlines.

Accordingly, IT IS ORDERED:

1. The Motion and Affidavit for Leave to File 2nd Amended Complaint (Doc. 96) is DENIED.

2. The Amended Petition to Allow Plaintiff to Notify Court when Expert Witness has been Decided (Doc. 103) is GRANTED IN PART AND DENIED IN PART.

3. The deadlines in the case are extended as follows:

A. Plaintiff's disclosure of **initial expert testimony** pursuant to Federal Rule 26(a)(2) shall take place on or before **July 2, 2012**. Defendant's disclosure of **expert testimony** pursuant to Federal Rule 26(a)(2) shall take place on or before **August 6, 2012**. Disclosure of **rebuttal expert testimony** shall be completed on or before **September 3, 2012**.

B. Parties shall disclose names of all **fact witnesses** to be used at trial pursuant to the provisions of Federal Rule 26(a)(3) on or before **August 20, 2012**.

C. All **discovery**, including depositions of parties and witnesses, shall be completed by **October 1, 2012**.

D. **Dispositive motions** shall be filed on or before **November 5, 2012**.

E. Plaintiff and counsel shall file a brief **Joint Settlement Status Report** (containing no specific settlement terms or offers) on or before **July 1, 2012**, and every **three (3) months** thereafter. Should this action be resolved through settlement, the parties shall advise the Court within ten (10) days of settlement.[3]

F. Counsel and Plaintiff shall file a **Joint Proposed Pretrial Order** within **thirty (30) days after resolution of the dispositive motions** filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **December 3,**

---

[3] The original deadline for a settlement status report was May 1, 2012. The parties failed to submit a report. The Court advises the parties that this and all deadlines should be followed.

**2012**.

DATED this 30th day of May, 2012.

Cindy K. Jorgenson
United States District Judge