**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ARIANN J-HANNA, )
      Plaintiff, )
)
vs. ) No. CIV 10-504-TUC-CKJ
) **ORDER**
TUCSON DODGE INC., et al., )
      Defendants. )
_____ )

    Pending before the Court are the Motion to Vacate the AAA Award (Doc. 189) filed by Ariann J-Hanna ("J-Hanna").

*Background and Arbitration Award*

    On December 9, 2011, this Court granted the Motion to Stay Case and Compel Arbitration filed by Tucson Dodge Incorporated ("Tucson Dodge") and stayed this matter.

    On June 7, 2013, J-Hanna filed a Notice of American Arbitration Association's Tribunal Award Favoring Tucson Dodge (Doc. 184). Tucson Dodge filed a response to J-Hanna's Notice (Doc. 187) and a Notice of Filing Arbitration Award and Proposed Judgment (Doc. 188). The May 30, 2013, Award of Arbitration ("the Award") states that a preliminary hearing had been held, pre-hearing memoranda were submitted by the parties, documentary evidence and oral testimony was proffered at an April 23, 2013, arbitration hearing, and post-hearing memoranda were submitted by the parties. The Award also states that Tucson Dodge and J-Hanna both made additional submissions following the submission of the post-hearing memoranda. The Award states:

> Based on all of the evidence, the Arbitrator finds that Claimant has not sufficiently established her claim to damages; therefore, the Arbitrator AWARDS no damages to Claimant.

Doc. 184-1, Ex. A.

On July 9, 2013, J-Hanna filed a Motion to Vacate the AAA Award (Doc. 189). A response (Doc. 192) and a reply (Doc. 202) have been filed. J-Hanna has also filed a Response to Tucson Dodge's Closing Brief (Doc. 208).

Additionally, J-Hanna has submitted recordings of phone conversations between herself, counsel for Tucson Dodge, and the arbitrator. The Court has reviewed the recordings which consist of two telephonic pre-arbitration hearings. J-Hanna, defense counsel, the arbitrator, and an AAA representative were on the line for each proceeding. During the March 20, 2013, hearing, the participants discussed *inter alia* procedural matters (e.g., form of order, use of court reporter), scheduling, and issues to be resolved by the arbitrator. During the April 12, 2013, hearing, the participants discussed *inter alia* dismissal and expert testimony issues.

J-Hanna has also filed a Notice to Submit Technical Corrections of the 1st Affidavit of Sergio Lujan's and Submit an Addendum Regarding the Disabled (sic) Airbag (Doc. 247). J-Hanna asserts the submitted affidavit clarifies Lujan's testimony at the arbitration hearing.

*Response to Tucson Dodge's Closing Brief* (Doc. 208)

J-Hanna has filed a Motion to Vacate the AAA Award (Doc. 189), Tucson Dodge has filed a response (Doc. 192) and J-Hanna has filed a reply (Doc. 202). Tucson Dodge's response included its Closing Brief from the arbitration proceedings as an attachment. J-Hanna does not state any reason why she could not have fully responded to Tucson Dodge's response (including the Closing Brief) in her reply. *See* LRCiv. 7.2 (providing for a motion, a response, and a reply). The Court will strike the Response to Tucson Dodge's Closing Brief.

*Standard to Vacate an Arbitration Award*

A court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed by the FAA. *Schoenduve Corp. v. Lucent Technologies. Inc.*, 442 F.3d 727, 731 (9th Cir. 2006); *see also Kyocera Corp. V. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987 (9th Cir. 2003), *citation omitted* ("Under the statute, 'confirmation is required even in the face of erroneous findings of fact or misinterpretations of the law.'").

The Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration. *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n. 2 (9th Cir.1992). Courts will generally defer to an arbitrator's decisions when the parties have agreed to resolve their dispute through arbitration. *See Todd Shipyards Corp. v. Cunard Lines*, 943 F.2d 1056, 1060 (9th Cir.1991) ("It is generally held that an arbitration award will not be set aside unless it evidences a 'manifest disregard for the law.'"); *Catz Am. Co. v. Pearl Grange Fruit Exch., Inc.*, 292 F.Supp. 549,551 (S .D.N.Y.1968) ("Since one of the fundamental purposes of resorting to arbitration is to reduce the cost and delay of litigation, the role of the court must be limited in reviewing an arbitration award."). The FAA allows courts to vacate an arbitration award upon a finding of: (1) corruption, fraud or undue means; 2) evident partiality or corruption of the arbitrators; (3) misconduct which prejudices one party; or (4) where the arbitrators exceeded their authority, or so imperfectly executed their powers that a "mutual, final and definite award" on the subject matter was not made. 9 U.S.C. §10(a); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874 (9th Cir. 2007).

J-Hanna does not specifically delineate under which theories her arguments fall within. The Court will discuss each theory in the context of J-Hanna' arguments.

*Corruption, Fraud or Undue Means*

The Court accepts J-Hanna's argument that Tucson Dodge conspired with the arbitrator to present a motion to dismiss as an assertion the Award should be vacated based on corruption, fraud or undue means. A party seeking vacation of an arbitration award on that basis must show the corruption, fraud or undue means was (1) not discoverable upon the

- 3 -

exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403-04 (9th Cir. 1992) (stating standard applies to claims of fraud or undue means; undue means connotes immoral, if not illegal, behavior); *PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 991 (8th Cir. 1999) (noting that undue means must be read in conjunction with the words fraud and corruption preceding it in the statute; further noting that courts have uniformly construed the term undue means as requiring proof of intentional misconduct).

Some examples of the type of corruption, fraud, or undue means warranting a vacation of an arbitration award include perjury by a witness or an *ex parte* communication discussing what documents should be part of the record for future review. *See* 141 A.L.R. Fed. 1. For example, in *Pacific & Arctic Ry. & Navigation Co. v United Transp. Union*, 952 F2d 1144 (9th Cir. 1991), the arbitrator and a party engaged in *ex parte* communications and recommended a party only offer part of a document so that the full document would not be part of the record.

Here, J-Hanna asserts Tucson Dodge conspired with the arbitrator to file a motion to dismiss. The recordings provided to the Court indicate a discussion occurred, with both parties present, regarding the filing of briefs that could include what each party believed the evidence would show and any supporting legal points. The arbitrator informed the parties that, if evidence was presented, he would look to see if claims were proven or if it was appropriate to take into consideration any defense. The arbitrator's statement in the award that, based on all of the evidence, he found that J-Hanna had not sufficiently established her claim to damages, Doc. 184-1, Ex. A., indicates the arbitrator considered the evidence as opposed to dismissing the claims based on a legal theory.[1]

---

[1] The recordings show that, during the pre-arbitration hearing, the arbitrator advised the parties the form of the award would state which party(ies) won, the amount of any damages, and the amount of any attorneys' fees, but would not provide any detailed reasoning. Neither party stated an objection to this form of the award.

- 4 -

1     Contrary to J-Hanna's argument, the Court does not find any basis to conclude there
2 was any improper conduct by Tucson Dodge in discussing possible legal theories and how
3 the arbitrator wished those arguments to be presented to him. All of these conversations took
4 place with J-Hanna present – no evidence of any *ex parte* communications has been
5 presented to the Court. The Court finds there is no evidence of corruption, fraud, or undue
6 means warranting the vacation of the Award.

7

8 *Evident Partiality or Corruption of the Arbitrator*

9     J-Hanna alleges that the arbitrator's ruling prejudiced J-Hanna by being partial to
10 Tucson Dodge, the arbitrator willfully ignored evidence supporting J-Hanna's claim, the
11 arbitrator conspired with Tucson Dodge to rule against J-Hanna before the final hearing was
12 held, the arbitrator was biased because future employment would result from a ruling in favor
13 of Tucson Dodge, the arbitrator was biased against J-Hanna's gender, and the arbitrator was
14 biased against J-Hanna's *pro se* status. The Court accepts these allegations as arguments of
15 evident partiality or corruption of the arbitrator.

16     A court may vacate an award on grounds of "evident partiality or corruption" of the
17 arbitrator. FAA §10(a)(2). In order for a party to succeed on an evident partiality claim, the
18 party must show that specific facts create a reasonable impression of bias. *Lagstein v.*
19 *Certain Underwriters at Lloyd's*, 607 F.3d 634, 642 (9th Cir. 2010); *see also Employers Ins.*
20 *of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1489 (9th Cir. 1991)
21 (a party "must demonstrate more than a mere appearance of bias to disqualify an arbitrator").
22 Examples of "evident partiality" include an arbitrator's financial interest in the outcome of
23 the arbitration, *Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co.*,
24 756 F.2d 742, 746 (9th Cir. 1985), an arbitrator's failure to disclose prior consulting work for
25 a party, *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 146
26 (1968), a family relationship that made the arbitrator's impartiality suspect, *Morelite Constr.*
27 *Corp. v. New York City Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 85 (2nd Cir.
28 1984), an arbitrator's former employment by one of the parties, *Merit Ins. Co. v. Leatherby*,

- 5 -

714 F.2d 673, 680 (7th Cir.), *cert. denied*, 464 U.S. 1009 (1983) and an arbitrator's employment by an entity represented by one of the parties' law firms, *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1149 (10th Cir.1982). While not exhaustive, these examples provide the level of partiality that is required by the statute. The Court finds no evidence of a reasonable interpretation of bias has been shown.

To demonstrate actual bias, a party challenging the award must establish "specific facts which indicate improper motives," and the reviewing court must find actual bias as opposed to an impression of partiality. *Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir. 1996), *citations omitted*. J-Hanna alleges the arbitrator was partial to Tucson Dodge, willfully ignored evidence supporting J-Hanna's claim, conspired with Tucson Dodge to rule against J-Hanna before the final hearing was held, was biased because of future opportunities that may result from a ruling in favor of Tucson Dodge.

However, the record before the Court fails to show that the arbitrator conspired with Tucson Dodge – rather, the information before the Court reflects a conversation how best procedurally for Tucson Dodge to present issues to the arbitrator; J-Hanna, defense counsel, and the arbitrator were all present during this discussion. Similarly, the Court does not agree that the arbitrator willfully ignored evidence supporting J-Hanna's claim – it was the arbitrator's role to decide what weight to afford evidence presented to him. This does not establish a bias. Further, it is simply speculation that the arbitrator was motivated by future opportunities to decide in Tucson Dodge's favor, the gender of J-Hanna, or J-Hanna's *pro se* status. The Court finds the record does not show the arbitrator was partial or biased in favor of Tucson Dodge.

*Misconduct Which Prejudices One Party*

J-Hanna argues that the Award/arbitrator contradicts a prior ruling by this Court that J-Hanna had established she had a claim, the arbitrator willfully ignored evidence or legal theories supporting J-Hanna's claim, and the arbitrator failed to read all of the documents of both parties. These are arguments of misconduct which prejudices a party.

- 6 -

Misconduct warranting a vacatur of an arbitration award must deprive a party of a fair hearing or prejudice the rights of a party. *See Ardalan v. Macy's Inc.*, No. 5:09-cv-04894 JW, 2012 WL 2503972 (N.D.Cal. 2012); *In re Wal–mart Wage and Hour Employment Practices Litigation*, Nos. MDL 135, 2:06–CV–00225–PMP–PAL, 2011 WL 4809046 (D.Nev. 2011). Circumstances constituting misconduct include the arbitrary denial of a continuance or reopening of a hearing or a refusal to hear material evidence. 25 Causes of Action 473(II)(A)(2) (Dec. 2013).

Here, the Court disagrees with J-Hanna that the arbitrator contradicted a prior ruling of this Court. Rather, because the Court determined an arbitration agreement existed between the parties, it did not decide whether any legal arguments (e.g., statute of limitations) would bar J-Hanna from seeking relief. Further, whether a party has sufficiently stated a claim to proceed in a lawsuit does not affect whether there is ultimately sufficient evidence to establish that claim sufficiently to warrant a verdict or arbitration award in that party's favor. Furthermore, J-Hanna asserts she had to repeat evidence to the arbitrator (e.g., regarding the sale of the vehicle "as is"). However, this does not constitute a failure to consider the evidence; rather, the arbitrator was entitled to determine what weight to afford such evidence. Additionally, J-Hanna's speculation that the arbitrator did not consider her claims of fraud are belied by the record – the parties presented evidence and arguments regarding fraud and there is no showing the arbitrator dismissed the claim of fraud or did not consider it (including the element of materiality) in issuing the Award. In fact, the arbitrator specifically stated that he resolved all of the claims submitted to arbitration. Lastly, J-Hanna asserts the arbitrator could not have read all of the documents of the parties prior to the arbitration hearing, as stated by the arbitrator, because he should have known by the time of the hearing if J-Hanna could not establish her claim. The Court disagrees with J-Hanna's speculation. Rather, it appears the arbitrator was seeking to afford the parties every opportunity, through documents, testimony, and argument, to present their cases. The Court finds misconduct which prejudiced a party has not been shown.

*Arbitrator Exceeding Authority or Imperfectly Executed his Powers*

Although none of J-Hanna's arguments appear to fall within this theory to vacate an arbitration award, the Court will discuss why J-Hanna's arguments do not constitute such a basis for vacating the Award.

Arbitrators have "exceeded their powers" only when their award is "completely irrational, or exhibits a manifest disregard for the law." *Schoenduve*, 442 F.3d at 731; *Bosack v. Soward*, 586 F.3d 1096 (9th Cir. 2009). This basis for vacating an arbitration award is, however, "severely limited and for the most part, the court defers to the arbitrators' determination of the award." *See Michigan Mutual Ins. Co. v. Unigard Security Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995).

The Ninth Circuit has stated:

> An award is completely irrational "only 'where the arbitration decision fails to draw its essence from the agreement.'" [*Citation omitted.*] An arbitration award "draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." [*Citation omitted.*]

*Lagstein*, 607 F.3d at 642. Further, "'the question is whether the award is 'irrational' with respect to the contract, not whether the panel's findings of fact are correct.'" *Id.*, *citation omitted*.

The arbitration agreement in this case states:

> 9. Seller and Purchaser hereby agree that . . . either party may submit the dispute to binding arbitration by a sole arbitrator from the American Arbitration Association ("AAA") in accordance with the AAA's Commercial Arbitration Rules . . . . Such arbitration shall be conducted in Maricopa County, Arizona. Except as otherwise specifically provided for herein, each party shall bear its own costs and attorney's fees. The procedures specified herein shall be the sole and exclusive procedures for the resolution of disputes between the parties arising out of or relating to this Agreement . . . All applicable statutes of limitation shall be tolled while procedures specified in the section are pending. The parties will take such action, if any, required to effectuate such tolling.

Doc. 32-1, *modified to remove bold emphasis*. There is no basis before the Court that the Award is irrational with respect to the parties' arbitration agreement.

To rise to the level of manifest disregard, "the governing law alleged to have been ignored by the arbitrators must *be well defined, explicit, and clearly applicable*." *Collins v.*

- 8 -

1  *D.R. Horton. Inc.*, 505 F.3d 874, 879-880 (9th Cir.2007), *citation omitted, emphasis in
2  original*.  Additionally, the record must be clear that the "arbitrators recognized the
3  applicable law and then ignored it." *Michigan Mutual*, 44 F.3d at 832; *see also Lagstein*, 607
4  F.3 d at 641, *citation omitted*; *see also Bosack*, 586 F.3d at 1104 (the record must contain
5  some evidence, other than the result, that the arbitrator was aware of the law and intentionally
6  disregarded it).  However, a court should confirm an award, "even in the face of erroneous
7  findings of fact or misinterpretations of the law[,]" unless the party challenging the decision
8  meets one of the narrow statutory exceptions.  *Kyocera Corp. v. Prudential-Bache Trade
9  Svcs., Inc.*, 341 F.3d 987, 997 (9th Cir.2003).  Indeed, "[a]rbitrators are not required to set
10 forth their reasoning supporting an award." *Bosack*, 586 F.3d at 1104, *citation omitted*.  An
11 arbitrator's "award may be made without explanation of their reasons and without a complete
12 record of their proceedings[.]" *Id.*  An award is to be confirmed even in the face of erroneous
13 misinterpretations of law.  *G.C. & K .B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th
14 Cir.2003).  "It is not even enough that the [arbitrator] may have failed to understand or apply
15 the law. An arbitrator's decision must be upheld unless it is completely irrational or it
16 constitutes manifest disregard of the law." *Id.*

17        J-Hanna is not asserting the arbitrator recognized the applicable law and then ignored
18 it.  Rather, J-Hanna is arguing that the evidence she presented warranted a different decision.
19 The Court finds the arbitrator did not exceed his authority.

21 *Evidence Supporting the Award*

22        J-Hanna argues the arbitrator's statement that she had not sufficiently established her
23 claim to damages is belied by the repair costs of the vehicle.  J-Hanna appears to have
24 interpreted the arbitrator's statement as meaning J-Hanna did not establish the value of the
25 damages. Rather, the arbitrator found J-Hanna had not established the claim itself.  To any
26 extent J-Hanna seeks a review by this Court of the sufficiency of the evidence to support the
27 Award, such a review is beyond the scope of this Court's authority.  *Bosack v. Soward*, 586
28 F.3d 1096, 1105 (9th Cir. 2009).  Indeed, it is not appropriate for this Court to re-weigh the

evidence. *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1134 (9th Cir. 2003).

*Agreement to Arbitrate*

J-Hanna disputes that she agreed to present her claims to arbitration. The Court considered whether the arbitration agreement between the parties was enforceable; the Court found it was appropriate to stay this matter to allow the parties to proceed to arbitration in its October 5, 2011, Order. *See* Doc. 66; *see also* Doc. 79. It is not appropriate to reconsider that determination at this time and to any extent J-Hanna is seeking reconsideration of that ruling, such request is denied.

*Attorneys' Fees*

Tucson Dodge requests an award of attorneys' fees. Tucson Dodge may file a motion seeking such an award pursuant to Fed.R.Civ.P. 54 and LRCiv. 54.2.

Accordingly, IT IS ORDERED:

1. The Response to Tucson Dodge's Closing Brief (Doc. 208) is STRICKEN.
2. The Motion to Vacate the AAA Award (Doc. 189) is DENIED.
3. The May 30, 2013, Award of Arbitrator (Docs. 184-1, 188-1, 192-2) is CONFIRMED.
4. J-Hanna is awarded no damages on any claim against Tucson Dodge.
5. The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 7th day of February, 2014.

_____
Cindy K. Jorgenson
United States District Judge